UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH COY,<br><br>        Plaintiff,<br><br>    v.<br><br>LILITH GAMES (SHANGHAI) CO., LTD., et al.,<br><br>        Defendants. | Case No. 19-cv-08192-JD<br><br>**ORDER RE PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 18 |

In this putative consumer class action concerning the "Rise of Kingdoms" mobile videogame and certain "micro-transactions" within the game, plaintiff alleges defendants engaged in deceptive and misleading conduct. Dkt. No. 4. Plaintiff Keith Coy requests permission to serve the complaint on defendants Lilith Games (Shanghai) Co., Ltd. and Shanghai Lilith Network Technology Co., Ltd. through alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 18. Defendants, which are Chinese corporations headquartered in Shanghai, China, Dkt. No. 4 ¶¶ 16-17, have not appeared in this action or filed any response to plaintiff's request. Plaintiff proposes to effectuate service by personally serving an attorney in Dallas, Texas, who previously represented the defendants in two other lawsuits in this District, and by email service to four separate email accounts related to defendants. Dkt. No. 19. The request is granted in part.

## DISCUSSION

Under Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3), a foreign business entity may be served in any manner directed by the Court that is not prohibited by international agreement. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2),"

and it is in the district court's "sound discretion" to "determin[e] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* at 1015-16. A wide variety of alternatives may be ordered under Rule 4(f)(3), but to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016 (citation omitted).

Coy appears to have expended a significant amount of time and effort in trying to serve defendants. Dkt. Nos. 18, 20. Most significant are his efforts to reach out to Alisa Zheng. Before filing the complaint, Coy's counsel sent a "Notice of Intent to File Class Action Lawsuit" to defendants pursuant to California Civil Code Section 1782, putting defendants on notice that a lawsuit would be filed in 30 days' time if defendants did not cease the unlawful business practices as described in the letter. Dkt. No. 18-2.[1] It appears that Alisa Zheng, writing as "the Legal Counsel of Lilith Games," responded to that letter by email, attaching a copy of the response that was signed by her on November 14, 2019. Dkt. No. 18-3. The response states that "[w]e have received your complaint about the 'account sharing' in our game product 'Rise of Kingdoms,'" attempts to address the "alleged violations of Lilith in your letter," and directs plaintiff to "contact our service group through in-game chat or sending email to service@lilithgames.com" in the event he has more questions or suggestions. *Id.* It appears the email response was sent from the address "alisazheng@lilithgames.com," copying the addresses "jixiaojun@lilith.sh" and "hurui@lilith.sh." *Id.*

Plaintiff's submissions on this motion show his counsel has emailed these three email addresses multiple times, inquiring whether Ms. Zheng is "able to accept service of the complaint on behalf of [her] client," attaching a copy of the summons and complaint, and proposing to meet and confer on a joint case management conference statement. Dkt. No. 18-4. Plaintiff has not received a single response to these emails. *Id.*, Dkt. No. 18-8.

---

[1] The Court notes with some concern that the addresses used for defendants in the letter are not identical to the addresses alleged in the complaint. *Compare* Dkt. No. 18-2 at 1 *with* Dkt. No. 4 ¶¶ 16-17. If the complaint allegations are incorrect, they must be corrected soon.

Coy's counsel has also corresponded with, and personally served, attorney Bart Rankin, who previously served as counsel "for Defendants in two lawsuits in the Northern District of California." Dkt. Nos. 18-5, 18-7, 18-8. Coy makes no argument that those two lawsuits were related to this one in subject matter. Coy further appears to have sent "via UPS Worldwide Saver (Express)" a copy of the summons, complaint and other documents to defendants at the same physical address used for the pre-filing notice letter. Dkt. No. 18-6. In addition, Coy retained Rick Hamilton, the Director of International Services at ABC Legal Services, to "move forward with service" pursuant to the Hague Convention. Dkt. No. 18-8.

A supplemental submission by Coy shows that the attempted service under the Hague Convention was not successful. ABC Legal attempted to serve defendants at an address in Hong Kong "provided by Defendants on the 'Developer Information' page of the Google Play Store (where consumers download the ROK game)," but there was no Lilith Games (Shanghai) Co., Ltd. located at that address. Dkt. Nos. 20, 20-1, 20-2. It is not clear if Coy has made any attempts to serve defendants in Shanghai pursuant to the Hague Convention, but Rick Hamilton's declaration states that the cost of effectuating service of process in mainland China is high ("a minimum of $5,225 solely to translate the documents") and the process is likely to be very lengthy. Dkt. No. 20-3 ¶¶ 9-11. There have been delays of years with the Chinese Central Authority, and "the current estimated timeline to obtain a proof of service on any Chinese company in mainland China under the Hague Convention is, at best, one year," with timelines of "two to three years (or perhaps even longer)" being quite normal. *Id*. ¶¶ 11-12. In the meantime, plaintiff asserts that "dozens of putative class members who wish to participate in this case" have contacted plaintiff's counsel, and "[m]ost of these individuals claim to have been bamboozled out of thousands of dollars, even tens of thousands of dollars." Dkt. No. 20 at 2. The ROK game is popular, with approximately 400,000 game downloads reported for July 2020. *Id*.

All of this establishes that "the district court's intervention" on the issue of service is appropriate in this case. *Rio Props*., 284 F.3d at 1016. The question is what method of alternate service to order. To start, the Court denies plaintiff's request for substitute service on attorney Bart Rankin. Attorney Rankin informed plaintiff's counsel that "he was aware of the present

3

lawsuit before [plaintiff's counsel] called because he receives 'a tickler' anytime one of his clients is named as a defendant in a lawsuit," but that "he was not retained or authorized by defendant to accept service of process for the present lawsuit." Dkt. No. 18-8 ¶ 7. Although Coy tries to make much of the fact that attorney Rankin was already aware of the lawsuit, his knowledge is neither here nor there. He has not been retained by defendants for this case or acted on defendants' behalf in any way in connection with this dispute, and the Court simply does not have a sufficient basis to conclude that personal service on attorney Rankin would be "reasonably calculated . . . to apprise [defendants] of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016. This conclusion is bolstered by examining the facts of other cases in which substitute service on an attorney was permitted. For example, in *Xilinx, Inc. v. Godo Kaisha IP Bridge 1*, 246 F. Supp. 3d 1260, 1262-64 (N.D. Cal. 2017), alternate service was "ordered on [defendant's] counsel of record in [that] case and on [an] attorney" who had contacted plaintiff about defendant's "infringement allegations and handled an extended period of pre-suit discussions about a deal to avoid litigation." In contrast, attorney Rankin has no demonstrated ties to defendants for this case.

Alisa Zheng, who wrote to plaintiff's counsel as "Legal Counsel of Lilith Games" about the very allegations in this case, is a much more appropriate person for alternate service. Plaintiff has proposed to serve her by email. But plaintiff, while alluding to China's status as a signatory to the Hague Convention, has not fully addressed how the proposed email service is likely to be viewed under the Convention. The Court has found in other contexts, however, that the Hague Convention is not a bar to alternate methods of service. *Xilinx*, 246 F. Supp. 3d at 1264. The Court will consequently authorize alternative service of process by email to (1) "alisazheng@lilithgames.com"; (2) the two email addresses Ms. Zheng copied, *i.e.*, "jixiaojun@lilith.sh" and "hurui@lilith.sh"; and (3) the email address to which she referred plaintiff, "service@lilithgames.com." To be clear, this alternate email service authorization is subject to a motion to quash service in the event defendants have good cause to contend that email service in China is prohibited by the Hague Convention or any other international agreement. *Rio Props.*, 284 F.3d at 1014.

**CONCLUSION**

Email service as described above is authorized as an alternate method of serving the two foreign defendants in this case, pursuant to Federal Rule of Civil Procedure 4(f)(3). The emails plaintiff previously sent were not authorized by court order and cannot be authorized retroactively. Plaintiff is consequently directed to newly serve defendants consistent with this order and to file a proof of service on the docket. This order should also be served on defendants at those same email addresses.

The case management conference that was set for September 10, 2020, is vacated and will be re-set once defendants have appeared. The case will be administratively closed in the interim.

**IT IS SO ORDERED.**

Dated: September 9, 2020

JAMES DONATO
United States District Judge