# EXHIBIT 2

# Ash, Rob

| | |
|---|---|
| **From:** | Ash, Rob |
| **Sent:** | Monday, June 14, 2021 9:43 PM |
| **To:** | 'Karl Kronenberger' |
| **Cc:** | Jeff Rosenfeld; Kate Hollist; Kashima, Trenton R; Reyes, Shileen R |
| **Subject:** | RE: Coy v. Lilith Depositions |

Karl,

Your email illustrates you still don't understand the issue here. You say you want to invoke the Hague Convention as controlling law, but it is not the Hague Convention that prevents or governs the protocols for depositions in mainland China. It is Chinese law. In its declaration on accession to the Hague Convention, China stated it would *not* be bound by the Hague Convention's protocols on taking depositions.

Construing and paraphrasing my email in the most unreasonable fashion you can (just like you've done with the written discovery responses), you suggest there was some way for me to legally take a deposition in mainland China. Yes, as we acknowledged, we can request a deposition in mainland China, but the CCA has not given permission to an American attorney to take a deposition in mainland China since 1989.

As I mentioned below, we were attempting to do things your way (by deposition) before we occupy the Court's resources in sorting out this dispute. However, it turns out your proposed course of action is actually illegal (criminally illegal no less). We want to respect the laws of each country involved. We also don't want to make ourselves or your client a criminal. Had I not brought this to your attention, you could have gotten your client arrested or deported from China. You're welcome.

As I've said all along, Defendants' written discovery responses are insufficient. We will find out soon enough whether your general objections, pleas of confidentiality, and half-complete answers are justified. At this point, we have certainly satisfied our meet and confer requirements.

It also sounds like you're withholding relevant information until we agree to a limitation on discovery. That is not a legitimate reason to disregard written discovery obligations.

I'm sorry we can't seem to see eye to eye on this.

Best Regards,
Rob

**Rob Ash**

One Towne Square, 17th Floor | Southfield, MI 48076
Tel: (248) 355-0300  | Fax: (248) 746-4001
**www.sommerspc.com**



---

1

This electronic message transmission contains information from the law firm Sommers Schwartz, P.C. that we consider to be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (01.248.355.0300) or by electronic mail (emails@sommerspc.com). Thank you.

**From:** Karl Kronenberger <karl@krinternetlaw.com>
**Sent:** Monday, June 14, 2021 8:13 PM
**To:** Ash, Rob <CRAsh@sommerspc.com>
**Cc:** Jeff Rosenfeld <jeff@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Kashima, Trenton R <TKashima@sommerspc.com>; Reyes, Shileen R <SReyes@sommerspc.com>
**Subject:** RE: Coy v. Lilith Depositions

[EXTERNAL EMAIL]
Hello Rob,

As for depositions, China and the U.S. adopted the Hague Convention precisely for this reason—i.e., to set forth an authorized procedure to carry out legal processes in foreign countries. You say in your email below, "Plaintiff is also unable to take any depositions without violating Chinese law." However, the Hague Convention is the controlling law. We thus believe that Plaintiffs should follow the Hague Convention's procedure for carrying out a deposition in China.

As for written discovery, Plaintiffs have had several months in which to propound questions. You never responded to the April 16, 2021 letter you quote in your email, in which we sought additional information and clarifications from Plaintiffs. Of note, we offered to supplement and modify LGS's responses if your office would confirm what you had told us on the phone (for instance, that your questions were not intended to seek information related to the global market, but, rather, were limited in geographical scope to information regarding the U.S. market). You never provided those clarifications, nor did you choose to propound any additional discovery. We are surprised to learn that Plaintiffs continue to view LGS's discovery responses as deficient despite never having responded to our letter, and that they now believe they will require additional time in which to propound written discovery.

Sincerely,

Karl

**From:** Ash, Rob <CRAsh@sommerspc.com>
**Sent:** Monday, June 14, 2021 10:46 AM
**To:** Karl Kronenberger <karl@krinternetlaw.com>
**Cc:** Jeff Rosenfeld <jeff@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Kashima, Trenton R <TKashima@sommerspc.com>; Reyes, Shileen R <SReyes@sommerspc.com>
**Subject:** RE: Coy v. Lilith Depositions

Karl, thank you for getting back to me.

In your April 16, 2021 letter, you advocate for the lack of detail in Defendants' written discovery responses because "[w]hat is true, and what I repeat again here, is that the information you are trying to obtain via written discovery would be far more easily and expeditiously obtained in a deposition." *See*, 4-16-21 Correspondence.

This was, and still is, an improper justification for failing to provide complete and detailed responses to written discovery requests. It is also not more easily and expeditiously obtained, as discussed below. Nonetheless, we intended to hold back in seeking further Court intervention until we saw what information we could get in the depositions. This is obviously no longer an option.

I am sure you recognize the dilemma. Defendants objected to each of Plaintiff's written discovery requests and provided little to no information in response to the requests. We maintain that the objections are improper. As things stand, Plaintiff is also unable to take any depositions without violating Chinese law. We are not willing to go forward with illegal depositions; particularly, where the punishment for conducting said depositions can result in deportation, expulsion or imprisonment. Frankly, it is shocking that the 30(b)(6) deponent, who we understand to be a Chinese lawyer, was willing to go forward with these depositions. In any case, your proposed solution to the issue is not acceptable, unless Defendants agree to make substantial additions to their written discovery responses. This applies to both LGS and SLNT. Specifically, we would expect a full explanation of Lilith's corporate structure, an explanation of the maze of subsidiaries, the corporate officers involved, and how funds received from ROK's in-game transactions in the United States are processed through Lilith's subsidiaries and partner companies.

You should know, requesting a deposition through the Chinese Central Authority (CCA) will likely take years, assuming the CCA actually considers it. It is relatively common for the CCA to provide no response whatsoever. Unfortunately, given the numerous issues with the written discovery responses for both Defendants (issues we have discussed ad nauseam), and now the inability to secure a deposition, we will seek an extension on jurisdictional discovery in addition to an order for supplemental discovery responses. We remain open to rescheduling the depositions in Hong Kong, rather than San Francisco.

Regretfully, we will have to notify the Court that jurisdictional discovery has completely stalled. We can't get written answers from Defendants and (as a practical matter) we can't take a deposition.

Thanks,
Rob


**Rob Ash**

One Towne Square, 17th Floor | Southfield, MI 48076
Tel: (248) 355-0300 | Fax: (248) 746-4001
[www.sommerspc.com](www.sommerspc.com)



This electronic message transmission contains information from the law firm Sommers Schwartz, P.C. that we consider to be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (01.248.355.0300) or by electronic mail (emails@sommerspc.com). Thank you.


**From:** Karl Kronenberger <karl@krinternetlaw.com>
**Sent:** Friday, June 11, 2021 6:33 PM
**To:** Ash, Rob <CRAsh@sommerspc.com>
**Cc:** Jeff Rosenfeld <jeff@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Kashima, Trenton R <TKashima@sommerspc.com>; Reyes, Shileen R <SReyes@sommerspc.com>
**Subject:** RE: Coy v. Lilith Depositions

[EXTERNAL EMAIL]
Hi Rob,

This is a follow-up to our phone call, during which you canceled the depositions of our China-based client deponents, which you later confirmed by your email below.

While we appreciate your concerns, requiring employees of LGS to travel to another country in order for you to conduct jurisdictional discovery is unduly burdensome and not proportional to the needs of jurisdictional under normal circumstances. However, today, that solution is not even workable. The United States currently prohibits residents of China from entering the United States on business or working visas due to the pandemic. Furthermore, international travel for residents of China, even if possible to certain countries, will trigger quarantine requirements for such travelers upon return to China, which would be unduly burdensome for corporate officers such as your proposed deponents.

Our proposal, as sanctioned by both U.S. and Chinese law, is for you to obtain authorization from China's Central Authority to conduct the depositions pursuant to the Hague Convention.

Very best regards,

Karl

---

**From:** Ash, Rob <CRAsh@sommerspc.com>
**Sent:** Tuesday, June 8, 2021 12:18 PM
**To:** Karl Kronenberger <karl@krinternetlaw.com>
**Cc:** Jeff Rosenfeld <jeff@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Kashima, Trenton R <TKashima@sommerspc.com>; Reyes, Shileen R <SReyes@sommerspc.com>
**Subject:** RE: Coy v. Lilith Depositions

Karl and Jeff, thank you again for making time for a call on such short notice. This email will confirm our conversation from an hour or two ago.

In preparing for the depositions needed to complete the Court ordered jurisdictional discovery, we learned that Chinese law prohibits us from taking a deposition in mainland China. We believe (and I think you agree) that it is important for us to respect the law of each country (including China) and not to endanger anyone from running afoul of any country's laws. This criminal law would seem to put your clients in the most danger. In any case, for this reason, and this reason only, we are taking down the pending deposition notices.

The information sought in the depositions is crucial to our ability to complete the Court-ordered jurisdictional discovery. This is particularly true in light of what we perceive to be a failure of Defendants to fully participate in written discovery; along with your persistence that the information we are seeking is more properly sought in a deposition. I understand this issue has caught you off guard (it surprised us too), so it is understandable that we both need a couple of days reevaluate a path forward.

Having said that, we need to discuss a new plan quickly. If we are unable to reach an agreement by next week, then we intend to seek an order compelling the depositions at your office in San Francisco.

Please let us know if you have an alternative proposal by the end of the week.

Best,
Rob


**Rob Ash**

One Towne Square, 17th Floor | Southfield, MI 48076
Tel: (248) 355-0300 | Fax: (248) 746-4001
www.sommerspc.com



This electronic message transmission contains information from the law firm Sommers Schwartz, P.C. that we consider to be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (01.248.355.0300) or by electronic mail (emails@sommerspc.com). Thank you.

**From:** Karl Kronenberger <karl@krinternetlaw.com>
**Sent:** Tuesday, June 8, 2021 10:15 AM
**To:** Ash, Rob <CRAsh@sommerspc.com>
**Cc:** Jeff Rosenfeld <jeff@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Kashima, Trenton R <TKashima@sommerspc.com>; Reyes, Shileen R <SReyes@sommerspc.com>
**Subject:** Re: Coy v. Lilith Depositions

[EXTERNAL EMAIL]
How about 9:30 PT?

_____

Karl S. Kronenberger
www.KRInternetLaw.com

> On Jun 8, 2021, at 5:54 AM, Ash, Rob <CRAsh@sommerspc.com> wrote:
>
> Morning, Karl. I'm sorry for the short notice, but we need to jump on a quick call this morning regarding the depositions that are scheduled in this case. They cannot go forward as planned.  Please let me know what number I can reach you at and when, so I can explain the situation.
>
> Thanks,
> Rob
>
> **Rob Ash**
>
> One Towne Square, 17th Floor | Southfield, MI 48076
> Tel: (248) 355-0300  | Fax: (248) 746-4001
> www.sommerspc.com
>
> <image002.png>
>
> This electronic message transmission contains information from the law firm Sommers Schwartz, P.C. that we consider to be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (01.248.355.0300) or by electronic mail (emails@sommerspc.com). Thank you.