**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Katherine E. Hollist (admitted *pro hac vice*)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
kate@KRInternetLaw.com

Attorneys for Defendants
Lilith Games (Shanghai) Co., Ltd.
and Shanghai Lilith Network Technology Co., Ltd.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **KEITH COY**, **JAMES MORAN**, and **CASEY MEIGS**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**LILITH GAMES (SHANGHAI) CO., LTD.**, and **SHANGHAI LILITH NETWORK TECHNOLOGY CO., LTD.**,<br><br>Defendants. | Case No. 3:19-cv-08192-JD<br><br>**DEFENDANTS LILITH GAMES (SHANGHAI) CO., LTD. AND SHANGHAI LILITH NETWORK TECHNOLOGY CO., LTD.'S NOTICE OF RECENT DECISION**<br><br>Date:    TBD<br>Time:   TBD<br>Before: The Hon. James Donato<br>Ctrm.:  11, 19th Floor |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Civil Local Rule 7-3(d)(2), Defendants Lilith Games (Shanghai) Co., Ltd. And Shanghai Lilith Network Technology Co., Ltd. (collectively, "Defendants") lodge this Statement of Recent Decision in support of their Motion to Dismiss First Amended Complaint currently scheduled for hearing on a date to be determined by the Court. Attached hereto is:

1. Exhibit A: *Rebecca Taylor, et al., Plaintiffs. v. Apple, Inc., Defendant,* Slip Copy (2022)

Respectfully Submitted,

Dated: January 6, 2022

**KRONENBERGER ROSENFELD, LLP**

By: _____s/*Karl S. Kronenberger*_____
    Karl S. Kronenberger

Attorneys for Defendants Lilith Games (Shanghai) Co., Ltd. and Shanghai Lilith Network Technology Co., Ltd.

# Exhibit A

2022 WL 35601
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

REBECCA TAYLOR, et al., Plaintiffs,
v.
APPLE, INC., Defendant.

Case No. 20-cv-03906-RS
|
Filed 01/04/2022

## ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT

RICHARD SEEBORG Chief United States District Judge

### I. INTRODUCTION

*1  Plaintiffs in this putative class action seek to hold Apple liable for distributing certain game apps through the Apple App Store that they allege include features legally equivalent to slot machines, as defined and prohibited by California law. The initial complaint was dismissed with leave to amend. Because the amendments do not cure the defects identified in the dismissal order, the amended complaint will be dismissed, without further leave to amend.

### II. BACKGROUND

Named plaintiffs are Rebecca Taylor and her minor son, C.T. As set out in greater detail in the prior dismissal order, C.T. has owned and played Brawl Stars, a game developed, owned, and sold by Supercell, which is not a party herein. C.T. downloaded Brawl Stars from the App Store onto both iPad and iPhone devices. In the course of playing Brawl Stars, C.T. allegedly has been "induced" to spend money to make "in-game" purchases of so-called "loot boxes."

Loot boxes are simply randomized chances within the game to obtain important or better weapons, costumes, or player appearance (called "skins"), or other in-game items or features that are designed to enhance gameplay. Buying a loot box is a gamble in the sense that the player does not know what it contains until it is opened. The opportunity to find and open loot boxes typically also can be earned through game play itself, without any purchases.

Players do not purchase loot boxes directly. Rather, they buy a form of "virtual currency" specific to each game that can be used to acquire virtual items within the game—including, but not necessarily limited to, loot boxes.

The original and amended complaints allege in extensive detail how various visual and sound features of loot boxes in the game are purportedly designed to "exploit and manipulate the addictive nature of human psychology" just as slot machines and other forms of gambling do. Plaintiffs cite various reports specifically identifying loot boxes as potentially harmful, especially to children.

The original complaint advanced three claims for relief: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and a purported stand-alone claim under common law for "unjust enrichment." The amended complaint breaks out the UCL claim into two separately-numbered claims for relief—one for purported violations of the "unlawful" prong of the UCL, and another for the "unfair" prong.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

**\*2** A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

### IV. DISCUSSION

A. Standing

The prior dismissal order concluded plaintiffs lack standing because they alleged no cognizable economic injury resulting from Apple's conduct:

> California law is clear that UCL standing requires the plaintiff suffer "economic injury." *Kwikset Corp. v. Sup. Ct. (Benson)*, 51 Cal. 4th 310, 322–23 (2011); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013). All C.T. purchased from Apple was virtual currency. He obtained exactly what he paid for —virtual currency that he was free to use as he wished in the game. C.T. had the opportunity to use it to purchase virtual items within the game other than loot boxes. He also had the choice to use it to purchase loot boxes, for whatever benefits he perceived that provided him.

The amended complaint offers no additional substantive factual allegations to support cognizable economic injury. Rather, plaintiffs rely on the conclusory assertions that:

> Plaintiff and her son lost money and property by purchasing loot boxes and suffered injury in fact. They lost money when C.T. purchased virtual coins to buy chances on loot boxes and lost property in the form of the virtual coins when he used them to buy chances on loot boxes. Therefore, Plaintiff and C.T. lost money and property as a result of Apple's unfair business practices alleged.

Plaintiffs go on to argue the prior order was "incorrectly decided" on this point and they ask that it be reconsidered. Plaintiffs have failed to show a basis for reconsideration. For the reasons set forth in more detail in the prior dismissal order, plaintiffs have not alleged a cognizable injury resulting from the conduct of Apple.[1]

[1] Plaintiffs argue a failure to allege sufficient injury under the UCL does not automatically preclude standing under the CLRA. Assuming that may be so, plaintiffs have not shown how their allegations of damages are adequate even under the CLRA or common law "unjust enrichment."

B. The merits

As noted, the amended complaint breaks out plaintiffs' claims under the UCL to one count for "unlawful" practices and a second count for "unfair" practices. Neither states a viable claim and both must be dismissed.

Plaintiffs' claim that loot boxes are "unlawful" remains tethered to the argument that they violate California statutory regulations of gambling devices. Plaintiffs have refined and expanded their arguments on that point, but have not offered any new substantive facts to distinguish the amended complaint, or to support reconsideration of the prior dismissal.

Instead, the heart of plaintiffs' present opposition to dismissal is a policy argument. Plaintiffs insist:

While lucrative for Apple, playing loot boxes leads to the same public health problems caused by other forms of gambling, including depression and addiction .... Governments and regulators around the world have taken notice and are acting ... In the U.S., the FTC recently held a workshop on the problems caused by loot boxes, while a bipartisan bill is pending in the Senate to ban loot boxes in games made for children and adolescents. Loot boxes have been banned or restricted by numerous countries because they endanger the public health, just like traditional gaming .... A Court of Appeals at The Hague recently upheld a loot box ban to protect "[t]he public interests of the prevention of gambling addiction, the protection of the consumer and the prevention of crime and illegality."

**\*3** Plaintiffs contend these allegations of the harmful effects of loot boxes are sufficient to support claims under the "unfair" prong of the UCL and under the CLRA and common law unjust enrichment, even without any clear violation of existing statute. Plaintiffs' own allegations that legislative bodies have been addressing, and are continuing to consider, policy issues allegedly presented by loot boxes, however, undermines their argument that courts should step in.

Contrary to plaintiffs' contentions, existing statutory law does *not* plainly prohibit "loot boxes." If plaintiffs' allegations regarding the harmful affects of loot boxes are accurate, the public interest likely lies in seeking legislative remedies. Plaintiffs' attempt to stretch the "unfair" prong of the UCL to reach the alleged conduct is unavailing.

C. Section 230

The prior dismissal order rejected Apple's contention that the Communications Decency Act ("CDA"), 47 U.S.C§ 230. § 230, bars plaintiffs' claim in its entirety. In its current motion to dismiss, Apple renews that argument. Again, were the claim otherwise viable here, Apple's liability would be premised on its participation in marketing and distributing an illegal gambling device. For the reasons explained in the prior order, such a claim would *not* be insulated by § 230. The issue is moot, however, given plaintiffs' failure to advance a viable claim.

V. CONCLUSION

The motion to dismiss is granted. Although plaintiffs have requested leave to amend, they have not suggested how any further refinements to the allegations of fact would change the analysis. Accordingly, a separate judgment will enter, and the Clerk is directed to close the file.

**IT IS SO ORDERED**.

**All Citations**

Slip Copy, 2022 WL 35601

---

**End of Document**     © 2022 Thomson Reuters. No claim to original U.S. Government Works.